LILLEHAUG, Justice (concurring).
I concur in the result. Although this summary affirmance of the Workers' Compensation Court of Appeals (WCCA) is not precedential, I am prompted to write to ensure that the WCCA's method of analysis does not introduce uncertainty about what triggers statutory employer liability for workers' compensation benefits.
In this case, the employee does not dispute that she was an employee of the Leech Lake Band (the Band), not ISD #115 (the District). Nevertheless, she argues, the District is responsible to pay compensation benefits because the District is a statutory employer under Minn. Stat. § 176.215 (2018). Under the statute, general *209 contractors are liable for benefits when their "subcontractor" fails to provide coverage or pay benefits. Id ., subd. 1. Based on the Memorandum of Understanding between the Band and the District, the employee characterizes the District as a general contractor and the Band as a subcontractor. Because the Band did not pay benefits, she asserts, the District must.
The record provides no legal basis to consider the District a statutory employer. By entering into a contract with the Band, the District procured services for itself, not as a general contractor for another. Nor was the Band a subcontractor, because it did not provide services to a general contractor or under an existing contract between others. Subcontractor , Black's Law Dictionary (10th ed. 2014) (defining "subcontractor" as "[s]omeone who is awarded a portion of an existing contract by a contractor, esp. a general contractor"). See Moorhead v. Grassle , 254 Minn. 103, 93 N.W.2d 678, 681 (1958) (defining contractor and subcontractor).
Thus, based on the plain language of the statute, the employee's petition did not trigger liability under Minn. Stat. § 176.215. The WCCA could have ended its analysis there, without reaching the issue of tribal sovereign immunity in a case in which the Band was not a party. See, e.g. , Tibbetts v. Leech Lake Reservation Bus. Comm. , 397 N.W.2d 883 (Minn. 1986) (reaching the issue of tribal sovereign immunity in a case in which the Band was a party).
For this reason, I respectfully concur in the result.